The United States Court of Appeals for the Federal Circuit is now open and in session. God save the United States and this Honorable Court. Our only case for argument today is 2019-1519, Simmons v. Wilkie. Mr. Carpenter, please proceed. Thank you, Your Honor. This is Kenneth Carpenter, appearing on behalf of Mr. Richard Simmons. The issue presented by Mr. Simmons' appeal is whether or not the failure to afford veterans the benefit of statutory presumptions in the adjudication of their claims is prejudicial per se. The use of applicable presumptions in the adjudication of a veteran's claim is essential to the fundamental fairness of that adjudication. When is here the VA failed to afford Mr. Simmons the benefit of either the presumption of soundness or the presumption of service connection? The burden of proof remained with Mr. Simmons during that adjudication when the VA ultimately denied his claims in 1974. Had the VA afforded Mr. Simmons the benefit of these presumptions, the VA and not Mr. Simmons would have had the burden of proof unless those presumptions had been rebutted by the VA. Thus, the failure to afford statutory presumptions is prejudicial as a matter of law because such errors affect the essential fairness of the VA's 1974 adjudication in this case. The manifestly changed outcome was the entitlement of Mr. Simmons to have the adjudication of When a statutory presumption is not afforded a veteran in an adjudication, the essential fairness of the VA's adjudication must be considered indisputable. This is true because of the nature of the non-adversarial adjudication scheme that was created by Congress. Statutory presumptions relieve veterans from having to produce specific evidence to establish a specific point at issue. In this case, the elements of a claim for service connection. Because the VA failed to afford them, Mr. Simmons in 1974 had an erroneous adjudication of his claims that required him and not the VA to meet the burden of proof. Therefore, the failure to afford Mr. Simmons the benefit of those statutory presumptions must be prejudicial as a matter of law. Here the Veterans Court found clear error in the Board's analysis of both statutory presumptions at Appendix 7 and 8. The Veterans Court further found that the Board failed to address the manifestly different component at Appendix 11. The Veterans Court made a clear error when it undertook to take due account of the rule of prejudicial error by performing its analysis of the manifestly different outcome on behalf of the Board, which the Court had found. Mr. Carpenter, this is Judge Moore. Are you suggesting that there is no harmless error analysis that the Court of Veterans Appeals is capable of performing? No, Your Honor, I am not. I am suggesting that in this particular case, when the error was found for the failure to meet the need with that finding, in other words, that the inherent prejudice that derives from being deprived of those statutory presumptions subsumes, if you will, the prejudicial error analysis and the need to take any further account. Mr. Carpenter, this is Judge Moore again. The problem I am having with your argument is that there are three separate prongs that the Veteran is required to prove, and that the error the Board committed in not applying the presumptions goes to the second of the three prongs, but as the government has very effectively argued, the third prong, which requires a showing of nexus between the present disability and the in-service injury, hasn't been established and is unaffected by the failure to have granted the presumptions. And so in a case such as this, where you have three independent issues that must be proven, a failure by the Board below to afford a presumption which might establish one of them doesn't help if there are separate findings that the others are likewise not established. Well, Your Honor, I think theoretically that is an accurate statement. I think in the practical or the essential fairness of an adjudication, when the Congress has decided that certain facts or elements will be presumed to be true unless rebutted, that it is incumbent upon the VA to afford those for those elements and then make their adjudication as to the final element. The final element was, in fact, contestable on the basis of the report from Dr. Palmer, which spoke directly to the relationship between both the Veteran's arthritis and the Veteran's disability. Dr. Palmer, this is Judge Clevenger, yes, but you forfeited that argument. You don't raise the argument in your brief at all that the third element was shown in this case. No, Your Honor, I didn't. It's too late for you to raise that now. And I was not intending to raise it. I was simply intending to respond to Judge Moore's question about the absence. My understanding of your conundrum, Mr. Carpenter, is that you are of the view that the essential fairness issue that's involved in denying the Veteran the benefit of the two presumptions is severe and that once you've decided that those presumptions were not afforded, the court has been able to apply harmless error to that decision, but in every case, the answer is that the error is harmful, not that it's harmless. So you are arguing for the application of harmless error, but because you say as a matter of law in every case involving the breach of the presumptions, there is always harmful error. And your argument is once harmful error is established, the Veteran wins its case, not the presumptions approved on the third element. Do I correctly have your argument in hand? Did you want to – am I here? Hello? Yes, you're here. I can hear you, Judge Carpenter. Did Mr. Carpenter hear me? It says he's on the call. One second. I'm going to pause the recording. Okay, you can continue. Judge Clevenger, I was indicating that I heard your entire description and I agree that that correctly states, accurately states Mr. Simmons' position in this appeal. Thank you, Mr. Carpenter. You may wish to proceed with your argument on that question. I'm not sure unless there are further questions that I have anything further that I think would be helpful to the panel at this point. I believe that the summary of Mr. Simmons' position was accurately characterized by Judge Carpenter. I will reserve the balance of my time for rebuttal. Thank you. Hi. This is Judge Chen. Mr. Carpenter, could you speak to a couple opinions? Yes. One is Holton versus Shinseki, where this court, I believe, viewed that the presumptions you're discussing here, the presumptions of an in-service injury and presumptions of disability, are not relevant to the third prong that Judge Moore was referring to before, which is the veteran's requirement to prove some kind of causal nexus between the current disability and the in-service injury. In that instance, the court and Holton, we said that the combination of these two statutory presumptions isn't enough to compensate for Mr. Holton's failure to establish that third prong of a causal nexus between the current injury and the in-service injury. And then my second question is, the Supreme Court's opinion in Sanders, I'd like you to respond to the other side and the veteran's court's reading of that opinion as saying there really aren't any bright-line rules when it comes to prejudicial error, and you do have to evaluate all the facts and circumstances in a very case-specific way. And so I don't see anything in Sanders that helps you. So if you could speak to what we've already said in Holton, which seems pretty close to box all of us in and militates against these sort of bright-line rules you're urging in this case with respect to these two statutory presumptions that, as Judge Moore earlier said, really apply in the context of prong two of your in-service connection claim. Okay, thank you. Yes, Your Honor. First, as regards to the Holton case, I was counsel in Holton, and the issue in Holton had to do with whether or not there was a misinterpretation of those statutory presumptions to the extent that they included the issue of nexus as part of that statutory presumption. In that case, there was not a finding, as there was in this case, that there was a failure by the VA in the first instance to have afforded those presumptions. So the question in Holton was being addressed in terms of the interpretation of the scope of the presumption. In this case, I believe it is distinguishable, because in this case, we have a finding by the Veterans Court that both the board in the first instance and the original adjudication in 1974 had failed to properly consider and apply both of those presumptions. That error is, in my view, an error that is essential to the adjudication of the claim because, as I described earlier, the advantages that are afforded by a presumption, specifically in reference to shifting the burden. In the Holton case, this court was asked to address the scope of the presumption. In this case, the court is being asked to address the question of whether or not a failure, a specific finding of a failure to afford those presumptions, should be treated as a error that is prejudicial as a matter of law. Moving then to the question in Sanders, I believe the question in Sanders was presented in the context of what the Supreme Court referred to as a framework for deciding the question of prejudicial error and did, I agree, decide that it should be made on a case-by-case basis. I am suggesting that one of those case-by-case bases should be a rule that addresses what happens when, as in this case, there is a finding by the reviewing court that there the benefit of two different statutory presumptions and that, in that limited case, that the prejudice should be deemed to be inherent with the failure found. Mr. Carpenter, it's Judge Clevenger. Can you hear me? Yes, Your Honor. I can. With respect to your response to Judge Chen on his Sanders question, my question to you is whether you now, at oral argument, are forfeiting, you made in your brief that Sanders is limited to cases involving notice errors. No, I am not, Your Honor. I'm sorry. I omitted that from my response to Judge Chen. I apologize. I do believe that the holding in Sanders was only about the question of notice errors, and the error in this case is about the failure to afford presumptions. Now I certainly see that the government has a legitimate position that Sanders can be read broadly to include the treatment of all questions of prejudicial error. However, it seems to me that Sanders can also be read to concede that the question of prejudicial error needs to be addressed on a case-by-case basis. And I'm suggesting that this is a special category, if you will, of cases in which this court should adopt the rule that is being proffered by Mr. Simmons. Okay. Mr. Carpenter, since we're into your rebuttal time, why don't we move on to Ms. Akers? Thank you, Your Honor. May it please the Court? This is Ms. Akers on behalf of the Department of Justice. The Court should affirm the Veterans Court's holding that the Board's failure to apply two presumptions was a harmless error. Mr. Simmons's proposed rule of creating a rigid, mandatory presumption of error is precisely the type of rule that the Supreme Court in Sanders held is contrary to the Veterans Court's Section 7261 Harmless Error Analysis. Mr. Simmons's proposed rule does not consider whether the error had an effect on the outcome of his case, as is required under a harmless error analysis, nor does his rule take into account the specific facts or the circumstances of his case. And in Sanders, the Supreme Court warned against applying this rigid, mandatory type of rule that doesn't take into account the specific facts of the case. As we explained in our brief, not only is Mr. Simmons's proposed rule the type of rigid, mandatory rule that the Supreme Court has already rejected in Sanders, but the proposed rule would result in futile remands because it would require the Veterans Court to remand the case where it finds any error, whether or not that error affected the outcome, and when there's no reason to believe that the result on remand would be any different. Now, Mr. Simmons argues today and in his brief that the error deprived him of the meaningful opportunity to participate in the processing of his claim, but as the Veterans Court explained, beyond making that sort of concursory statement, Mr. Simmons never explained how he lacked an opportunity to participate. And as the Veterans Court explained, Mr. Simmons was represented. He had the opportunity to advance arguments, and the board specifically addressed all of his contentions. And so, in sum, we believe that the Supreme Court's holding in Sanders governs this case, and unless the court has questions, that we ask that the court affirm the Veterans Court. Okay, Mr. Carpenter, you have some rebuttal time. Thank you, Your Honor. May it please the Court, it seems to me that the rigidity that is being attributed to the rule proposed by Mr. Simmons is a function of the rigidity of the statutory presumption. Specifically, I would suggest that the rigidity is that the application of a statutory presumption is a binary error. It either was afforded, and therefore, there was no error, or it was not afforded, and therefore, there was an error. Since there was a finding by the Veterans Court that there was an error, I submit to this court that the- Mr. Carpenter, Judge Clevenger, isn't every error binary? It either happened or it didn't? Not- yes, Your Honor, that is correct. However, I would- Your argument, that's a special binary error? I am, Your Honor. I am suggesting that it is a special binary error because it is a thumb on the scale in favor of the veteran that is provided by Congress to be afforded in every adjudication in which those presumptions are applicable. Both of those presumptions were applicable in this case and were not afforded. It seems to me that the intent of Congress in creating a non-adversarial system must insist upon the secretary applying the presumptions that are directed by the Congress to be afforded and that when the VA in its adjudication process does not afford them, that that has to be viewed as an adverse prejudicial effect to the essential fairness of the adjudicatory process, specifically because the nature of presumptions is the shifting of the burden of proof. Unless there's further questions from the panel, I'm happy to submit the matter at this time. Okay. We thank both counsel for their argument and this concludes our hearing for today. Thank you, Your Honor. The Honorable Court is adjourned until tomorrow morning at 10 a.m.